**Blake G. SLOCUM and wife, Barbara Slocum, Appellants,**

**v.**

**GALVESTON COUNTY, Texas, Appellee.**

**No. 242.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 1, 1966.

Rehearing Denied Jan. 5, 1967.

**488**

Simpson, Hancock & Green, James P. Simpson, Texas City, for appellants.

Markwell, Stubbs, Decker, Dalehite & Youngblood, William D. Decker and Elmo M. Johnson, Galveston, for appellee.

SELLERS, Justice.

Appellants, Blake G. Slocum and wife, brought a suit for personal injuries against Galveston County alleging that Mrs. Slocum had sustained personal injuries as a result of consuming a meal in which was embedded a piece of glass which severely injured her gums, mouth and teeth. At the time of sustaining her injuries, Appellant was a paying patient in Galveston County Memorial Hospital, which was owned and operated by the Defendant. Appellant contends that such occurrence, in the absence of the asserted defense of governmental immunity, was such as to form the basis for liability based upon the well settled doctrine of products liability. Upon the filing of her suit for damages, the Defendant, Galveston County, through its counsel filed a motion for summary judgment under Rule 166–A of the Rules of Civil Procedure of Texas in which the Defendant asserted the defense of governmental immunity. Based upon such motion and upon well settled law, the Trial Judge granted the County's motion for summary judgment. This appeal followed in due course.

### "FIRST POINT OF ERROR

"The Trial Court erred in granting the motion for summary judgment in this cause, acting as it did on the asserted grounds of governmental immunity from tort liability.

### "STATEMENT OF APPELLANT'S FIRST POINT OF ERROR

"The formal requirements of Appellate procedure require an Appellant to point out the error into which Trial Judge has allegedly fallen. In this case candor requires the admission that the Trial Judge did indeed not err in granting the Defendant's motion for summary judgment based upon its asserted governmental immunity from tort liability. The Trial Judge acted upon well settled law granting · to counties as well as other political subdivisions immunity from tort liability. This appeal then is a frontal assault on the citadel of governmental immunity in Texas. Although the Trial Judge did not err, it is asserted that the basis, if any there ever existed for this harsh rule, no longer finds acceptance in the light of current conditions. This appeal then is one to this Honorable Court to re-examine the anachronistic doctrine of governmental immunity."

Then follows an able Brief of authorities in other jurisdictions abolishing the above rule of governmental immunity.

Since appellants admit that the Supreme Court of this State has many times in numerous cases upheld the above rule, we see no beneficial purpose in citing the cases so holding.

This Court finds itself in the same position of the trial court in that it is our constitutional duty to follow the law as announced by the Supreme Court where the identical question has been decided. 15 T.J.2d, Section 137, page 597 states the rule: "Thus, it is the constitutional duty of the Court of Civil Appeals to follow decisions of the Supreme Court in cases that are squarely in point."

The judgment of the trial court is affirmed.