**Floyd Sterling FESAL and Mrs. Irene Mc-Ginnis, Executrix of the Estate of Agnes Bernhardt Fesal, Deceased, Appellants,**

v.

**HUTCHINSON COUNTY, Texas, Appellee.**

No. 7922.

Court of Civil Appeals of Texas.

Amarillo.

June 23, 1969.

Rehearing Denied July 21, 1969.

Edwards & Brackett and Carson Smith, Lubbock, for appellants.

Culton, Morgan, Britain & White and Jess C. Dickie, Amarillo, Gallaway & Dunning and Gene Compton, Glen E. Milner, Borger, for appellee.

DENTON, Chief Justice.

This is a summary judgment case. Hutchinson County, on behalf of the North Plains Hospital of Borger, Texas, filed suit against the Estate of Agnes Fesal in the nature of a sworn account for hospital services rendered Agnes Fesal, deceased. The Estate answered and filed a cross-action for personal injuries sustained by the deceased, Agnes Fesal which resulted in her death due to the alleged negligence of the cross-defendant. The cross-defendant's motion for summary judgment based on governmental immunity and the alternative ground of charitable immunity was granted.

Appellants do not challenge the well established governmental immunity of a county from tort liability. Their primary contention here is the appellee waived its governmental immunity by initiating the proceeding against the Estate of Agnes Fesal when it filed suit on the sworn account for hospital services rendered Mrs. Fesal during an illness. The burden of appellants' contention is that by initiating the proceeding against the Estate, Hutchinson County opened itself to all defenses and cross-actions available to the appellants.

In support of this contention that Hutchinson County waived its immunity, appellants cite Anderson, Clayton & Co. et al. v. State (Com.App.) 122 Tex. 530, 62 S.W.2d 107 (Opinion adopted). State of Texas v. Martin (Tex.Civ.App.) 347 S.W.2d 809 (Ref.N.R.E.). State of Texas v. Noser (Tex.Civ.App.) 422 S.W.2d 594 (Ref.N.R.E.). Dickerson v. State (Tex. Civ.App.) 169 S.W.2d 1005, reversed on other grounds, 141 Tex. 475, 174 S.W.2d 244. State v. Humble Oil & Refining Company 141 Tex. 40, 169 S.W.2d 707. These cases are authority for the general rule that where the state voluntarily files a suit and submits its right for judicial determination, the state will be bound thereby and the defendant will be entitled to plead and prove all matters which are properly defensive, including the right to make any defense by answer or cross-action germane to the matter in controversy. These cases do not support appellants' contention under this record. They are cases initiated by the state to restrain the violation of a penal statute; a suit for specific performance of a contract for sale of an oil and gas lease; a suit in trespass to try title; and a suit to recover gross production taxes. None of these cases hold the state had waived its immunity from tort liability. Where the state has consented to be sued by a resolution by the Legislature, it has been held such action in no wise admitted nor created liability on the part of the state. Dickerson v. State, supra. Brooks v. State (Tex.Civ. App.) 68 S.W.2d 534 (Writ Ref.). State v. McKinney (Tex.Civ.App.) 76 S.W.2d

556. Fonseca v. State of Texas (Tex.Civ. App.) 297 S.W.2d 199. The authorities relied upon by appellants deal with the immunity from being sued and not immunity from tort liability. We are of the opinion and so hold Hutchinson County did not waive its admitted immunity from tort liability by this suit on a sworn account for services rendered a patient by the County Hospital. See In Re: Nueces County, Texas Road District No. 4, D.C., 174 F.Supp. 846.

Appellants next contend the granting of the summary judgment was erroneous because there were genuine issues of fact. In its cross-action appellants pleaded certain acts of negligence on the part of the appellee cross-defendant or its agents in its care of Agnes Fesal while a patient in the appellee hospital. Their position is there are fact issues to be resolved concerning the alleged acts of negligence in hiring personnel, providing defective equipment, and res ipsa loquitur. In support of this contention, appellants cite Southern Methodist University v. Clayton, 142 Tex. 179, 176 S.W.2d 749. This case, and many others which follow it, do hold a charitable institution can be liable for negligence in employing or keeping an agent whose negligence primarily caused the injuries. Such liability may also be established by the charitable institution's negligence in the exercise of its non-delegable duty to select and supply proper equipment for the patient. Medical & Surgical Memorial Hospital v. Cauthorn (Tex.Civ.App.) 229 S.W.2d 932 (Ref.N.R.E.). Baptist Memorial Hospital v. Marrable (Tex.Civ.App.) 244 S.W.2d 567 (Ref.N.R.E.). These cases and others cited by appellants involve the doctrine of charitable immunity and not governmental immunity.

■ It is well settled that cities are exercising a governmental function when they furnish, maintain and operate hospitals for the benefit of the public and not for the purpose of profit or revenue to the city, and are not liable for torts. Gartman v. City of McAllen, 130 Tex. 237, 107 S.W. 2d 879. City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872. When a city is exercising a government function it is not liable for injuries inflicted through the negligence of its officers and employees. City of Wichita Falls v. Robison, 121 Tex. 133, 46 S.W.2d 965. These two settled rules of law have also been applied in cases in which these same functions were performed by counties. Arseneau v. Tarrant County Hospital District (Tex.Civ. App.) 408 S.W.2d 802 (Ref.N.R.E.). Slocum v. Galveston County, Texas (Tex. Civ.App.) 410 S.W.2d 487 (Ref.N.R.E.). Howe v. Citizens Memorial Hospital of Victoria County, 426 S.W.2d 882, reversed on other grounds, Constant v. Howe, 436 S.W.2d 115. Hutchinson County, by exercising a governmental function in the operation of the hospital, is not liable in tort as a matter of law; therefore there is no genuine issue of fact to be determined concerning the alleged acts of negligence.

■ Appellants next assert the contention the appellee waived any immunity it might have by the procurement of a policy of liability insurance. The Supreme Court in Watkins v. Southcrest Baptist Church, 399 S.W.2d 530 held to the contrary when the same contention was made in the case involving charitable immunity. The Court in *Watkins* cited with approval Texas Prison Board v. Cabeen (Tex.Civ.App.) 159 S.W.2d 523 (Writ Ref.). The court there held purchase of insurance by a state agency to protect state officers and employees from liability growing out of the use of motor vehicles did not constitute the waiver of governmental immunity. See also Jones v. Texas Gulf Sulphur Company (Tex.Civ.App.) 397 S.W.2d 304 (Ref.N.R. E.). Appellants' third point of error is without merit.

The judgment of the trial court is affirmed.