**Debra Kay MURRAY, Appellant,**

v.

**SAN JACINTO AGENCY, INC., d/b/a SJA Brokerage, Inc., and Ector County Independent School District, Appellees.**

No. 08–88–00160–CV.

Court of Appeals of Texas, El Paso.

Nov. 2, 1988.

Rehearing Denied Dec. 7, 1988.

Dennis L. Richard, Richard, Lee, Rowley & Cobb, El Paso, for appellant.

Jack Q. Tidwell, Walter A. Locker, III, McMahan, Tidwell, Hansen and Atkins, P.C., Randal Patterson, Daniel Hollmann, Hollman, Lyon, Patterson, Durrell & Kelly, Inc., Odessa, for appellees.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

SCHULTE, Justice.

Appellant asks us to set aside a summary judgment in favor of Appellees San Jacinto Agency, Inc. (hereinafter Appellee SJA), and Ector County Independent School District (hereinafter Appellee EC-ISD). We decline to do so and affirm.

Appellant was married to an employee of Appellee ECISD during all times material here. Appellee ECISD had established a self-funded group medical insurance program under which premiums were paid into a trust. All expenses and claims were paid from the trust. Appellee SJA administered the plan for a fee. Appellant's husband, Appellant, and their two children were covered under the plan. On April 30, 1984, Appellant filed suit for divorce. Three days later, the husband requested Appellee ECISD to drop Appellant from the insurance coverage. The premiums remained the same.

During the summer of 1984, Appellant had been diagnosed as having chronic pancreatitis. She was advised that the illness was terminal and that she should make plans for the care of her children. Upon obtaining a second opinion, Appellant learned that the condition was not terminal if she obtained the requisite treatment. On September 5, 1984, Appellee SJA refused to verify insurance coverage relying on the "drop" action taken by Appellant's husband. The denial of coverage in turn resulted in denial of treatment by the hospital. Appellees subsequently admitted, on March 15, 1985, that the denial of coverage was unwarranted and thereafter reinstated coverage retroactive to June 1, 1984.

Appellant filed her original petition on March 27, 1986, asking for damages resulting from Appellees' negligence in denying coverage. Citation to Appellee SJA was issued on September 23, 1986, and returned and filed unserved September 30, 1986. Citation on the same original petition was issued a second time as to Appellee SJA on January 12, 1987, and served on January 21, 1987. Thereafter on September 2, 1987, Appellant filed her first amended petition setting up for the first time that the denial of coverage of September 5, 1984, constituted a breach of the duty of good faith and fair dealing between an insurer and its insured. Appellee ECISD admitted all facts in "the petition filed by plaintiff," and moved for summary judgment. Appellee SJA soon thereafter in January, 1988, also moved for summary judgment. The trial court granted both motions, reciting that as a matter of law, the statute of limitations barred the suit against Appellee SJA for breach of the duty of good faith and fair dealing, and that Appellee ECISD was entitled to governmental immunity.

■ We deal first with the question regarding Appellee ECISD's governmental immunity. Appellant would have us decide that providing school personnel with health insurance through a self-funded program, is a proprietary function and that therefore immunity does not apply. It has long been held that an independent school district, unlike a city or town, performs no proprietary functions which are separate and independent of its governmental powers. *Braun et al. v. Trustees of Victoria Independent School Dist.*, 114 S.W.2d 947 (Tex. App.—San Antonio 1938, writ ref'd). No claim is made that the Texas Tort Claims Act has any application. No Texas case is cited that supports Appellant's contention.

As we said in *Duson v. Midland County Independent School District,* 627 S.W.2d 428 (Tex.App.—El Paso 1981, no writ): "The school district exemption does have a rational and reasonable basis as required by the constitutions of the United States and Texas since the public school system benefits the entire state and payments of private claims would divert money from the schools and would thereby impair the quality and availability of public education." As recently as last year, our Supreme Court consistently held in *Hopkins v. Spring Independent School District,* 736 S.W.2d 617 (Tex.1987):

This court stated in *Barr,* [*Barr v. Bernhard,* 562 S.W.2d 844 (Tex.1978)] "[w]e will adhere to our decisions in the past that the waiver of governmental immunity is a matter to be addressed by the

legislature." *Lowe v. Texas Tech University,* 540 S.W.2d 297 (Tex.1976).

Accordingly, we hold that the establishment of the self funded group medical insurance program by Ector County Independent School District is a governmental function and that governmental immunity applies. Points of Error Nos. Three and Four are overruled.

We turn now to the statute of limitations question. Appellant contends that her cause of action for breach of the duty of good faith and fair dealing against Appellee SJA is not barred by the applicable two year statute of limitations, Sec. 16.003, Tex.Civ.Prac. & Rem.Code. We believe otherwise.

Here, the gravamen of Appellant's initial complaint in the trial court was the negligent denial of coverage. That occurred September 5, 1984. What occurred on March 15, 1985, was an admission of error in the denial of coverage and a retroactive restoration of such coverage. It was Appellant who first filed suit on March 27, 1986, electing to name a September, 1984, date for the inception of her cause of action. That petition was not served on Appellee SJA until January 21, 1987. On September 2, 1987, Appellant, through her new attorney, filed an amended petition alleging as to Appellee SJA, for the first time, a different tort, that of a breach of the duty of good faith and fair dealing.

The filing of Appellant's original petition falls within the two-year period after the September 1984 wrongful act initially chosen by Appellant as the basis of her lawsuit. But the filing of the petition alone is not enough to interrupt the running of the statute. To interrupt the running, it was necessary for Appellant to have filed *and* prosecuted her suit by the exercise of due diligence in effecting service. *Rigo Manufacturing Company v. Thomas,* 458 S.W. 2d 180 (Tex.1970). Service on January 21, 1987, was almost ten months after filing of the suit. Due diligence could, of course, in some circumstances be a material fact issue precluding summary judgment. But not here, because in the following cases it was held that as a matter of law due dil-

igence was not used when the indicated period had elapsed between the date the suit was filed and service was effected:

| | |
|---|---|
| Six and one-half months | - *Hamilton v. Goodson,* 578 S.W.2d 448 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ). |
| Seven and two-thirds months (Between the return of the first citation unserved and the issuance of the second) | - *Williams v. Houston— Citizens Bank and Trust Company,* 531 S.W.2d 434 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). |
| Eight and one-third months | - *Buie v. Couch,* 126 S.W. 2d 565 (Tex.Civ.App.— Waco 1939, writ ref'd). |

Since we are saying that the statute of limitations had run prior to January 21, 1987, we need not determine whether the amended petition filed eight months thereafter, relates back.

Appellant relies on *Arnold v. National County Mutual Fire Insurance Company,* 725 S.W.2d 165 (Tex.1987), a case by an insured against his own insurer under his uninsured motorist coverage. That court held that in the good faith and fair dealing tort before it, limitations did not begin to run until the insured's suit against the uninsured motorist was resolved. Here we are not dealing with first establishing a right as a condition precedent to the action under the policy. Appellant's right existed on September 5, 1984, when Appellee SJA wrongfully denied coverage. In *Linkenhoger v. American Fidelity & Casualty Co., Inc.,* 152 Tex. 534, 260 S.W.2d 884 (1953), cited in *Arnold,* the Court said:

> The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damages does or does not of itself constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of plaintiff.

On September 5, 1984, Appellant had a right to insurance coverage which right Appellee SJA invaded by its denial of coverage. By virtue of this wrongful denial, Appellant alleges she was injured and suffered damages. The act of denial causing the damages in itself constitutes the legal injury, not the admission on March 15, 1985, by Appellee SJA that the denial was

improvident. Points of Error Nos. One and Two are overruled.

The judgment is affirmed.