Hilario RODRIGUEZ, Appellant,

v.

AMERICAN GENERAL FIRE &
CASUALTY COMPANY,
Appellee.

No. 08–89–00153–CV.

Court of Appeals of Texas,
El Paso.

April 4, 1990.

Rehearing Overruled May 2, 1990.

James F. Scherr, ·Lark H. Fogel, Law Offices of James F. Scherr, El Paso, for appellant.

Paul Bracken, Karl O. Wyler, Brenda J. Norton, Kemp, Smith, Duncan & Hammond, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

Hilario Rodriguez, Appellant, filed suit against American General Fire & Casualty Company, Appellee, to recover unpaid past medical bills and damages for breach of contract, breach of the duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act and the Texas Insurance Code, all arising out of a worker's compensation case. Appellee filed a plea to the jurisdiction which was granted by the trial court. We reverse and remand.

Appellant was injured on the job on April 23, 1985. He thereafter filed a claim with the Industrial Accident Board ("IAB" or "Board") for compensation and for payment of certain disputed medical bills, which Appellee had refused to pay. Following an award by the Board on May 2, 1986, which ordered payment of $29,279.15 compensation and the medical bills, Appellee gave timely notice of intent to appeal. Before that appeal was perfected, the parties entered into a Compromise and Settlement Agreement ("CSA"), which called for a lump sum payment of $30,500.00 and no future medical but as to past medical, provided that Appellee:

[W]ill pay or has paid for all accrued hospital and medical expenses resulting from said injury per Article 8306, Sections 7, 7A, 7B.

It also provided that:

It is the express agreement of the parties to this Compromise Settlement Agreement that the Board shall have continuing jurisdiction of all medical benefits provided by this Compromise Settlement Agreement and The Texas Workers' Compensation Act until all obligations described herein are fully discharged.

The CSA was approved by the Board on May 30, 1986 and the lump sum payment was thereafter made to Appellant. The disputed medical bills were not paid, however. In August 1986, a doctor, on behalf of all of the health care providers whose bills were unpaid, filed a claim with the IAB for the same medical bills included in Appellant's original claim and covered by the CSA. While the doctor's claim was pending before the IAB, Appellant, apparently unaware that the doctor was proceeding on his own, filed this suit on March 25, 1987 seeking to recover the same medical bills on the theory that since the IAB by its order of May 2, 1986 had ordered Appellee to pay the medical bills, Appellee was obligated under the terms of the CSA to pay those bills. On November 20, 1987, Appel-

lant amended his petition to its present posture, alleging breach of the compromise settlement agreement, unfair insurance practices, violations of the Deceptive Trade Practices Act, breach of the common law duty of good faith and gross negligence.

Following a scheduled hearing on the doctor's claim, the IAB denied payment of the medical bills on November 23, 1987. That order was subsequently rescinded and the claim reinstated on the IAB docket following a false allegation by the doctor's representative that suit had been filed by the doctor. Thereafter, Appellee filed in this suit a motion for reconsideration of its plea to the jurisdiction which had been denied prior to the filing of Appellant's latest amended petition. On February 24, 1989, the trial court granted the plea to the jurisdiction and dismissed Appellant's lawsuit.

■ In his first point of error, Appellant complains that there was no evidence to support the granting of Appellee's plea to the jurisdiction. He argues that Appellee had the burden of proving no jurisdiction by competent evidence, which it failed to do. Appellant also contends that the court erred by not finding jurisdiction based solely upon his pleadings, citing *Hachar v. County of Webb*, 563 S.W.2d 693, 694 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.). An examination of the petition and the attached exhibits show on their face that Appellant had not complied, prior to the filing of this suit, with Tex. Rev.Civ.Stat.Ann. art. 8307, secs. 5 and 12b (Vernon Pamphlet 1990), which requires that all disputes over the payment of medical bills arising in connection with a Board-approved compromise settlement agreement must first be presented to the Board for determination before suit can be filed. When state law requires a plaintiff to take preliminary administrative action prior to the filing of suit, he has the burden of showing that such administrative prerequisite has been met. *Southwestern Apparel, Inc. v. Bullock*, 598 S.W.2d 702, 703 (Tex. Civ.App.—Austin 1980, no writ); *Castillo v. Allied Insurance Company*, 537 S.W.2d 486, 487 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.).

Following the May 2, 1986 award of the IAB, ordering the payment of the disputed medical bills, Appellee gave its notice of intent to appeal. The CSA was entered into by the parties, approved by the IAB, and contained the quoted provisions relating to past medical expenses. The statutory reference in the quotation is to Tex. Rev.Civ.Stat.Ann. art. 8306 (Vernon 1967). Section 7 of that article requires the IAB, in the event that the carrier contends to the Board that a medical bill is not fair and reasonable, to make a finding as to the amount that is fair and reasonable. If the health care provider is not satisfied, it may appeal the Board's determination. Section 7b requires that the charges for all medical services are to be fair and reasonable and are subject to regulation of the Board.

■ It is Appellant's contention that the May 2, 1986 Board order on the medical expenses became final when Appellee failed to file suit to set aside the award. The problem with Appellant's argument is that the CSA was entered into by the parties and approved by the Board prior to the expiration of time within which to file suit, with the result that Appellant's claim and the Board award never became final. A provision of the CSA specifically covered past medical expenses. When the CSA was approved by the Board, it became an accord and satisfaction, superseding Appellant's pending claim in all respects, including his claim for past medical expenses. *Barnes v. Bituminous Casualty Corporation*, 495 S.W.2d 5, 8 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.); *Angelina Casualty Company v. Bennett*, 415 S.W.2d 271, 275 (Tex. Civ.App.—Houston 1967, no writ).

As to the no evidence contention, we must consider only the evidence tending to support the finding of the trial court, viewing it in the light most favorable to the finding, giving effect to all reasonable inferences therefrom, and disregarding all contrary or conflicting evidence. *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981). The finding or conclusion of which Appellant complains is "[t]hat the subject of the reasonableness and necessity of the medical bills made the

basis of this suit is currently pending before the Industrial Accident Board and that this Court does not have jurisdiction to consider this matter until a final ruling has been entered by the Industrial Accident Board." Not only does Appellant's own pleadings and exhibits show that there is no final IAB order on the past medical, but in the hearing on Appellee's plea to the jurisdiction, some evidence was apparently offered and considered by the court, similar to the exhibits attached to Appellee's motion for reconsideration of its plea, which even more emphatically show that the claim for unpaid past medical bills was still pending before the Board. Although Appellant argues that Appellee's evidence is hearsay and cannot be considered in a no evidence point, no statement of facts of this hearing was brought up with the appeal. Under these circumstances, it must be presumed that there was evidence introduced without objection to support the findings of fact and the court's judgment. *Vasquez v. Vasquez,* 645 S.W.2d 573, 575 (Tex.App.—El Paso 1982, writ ref'd n.r.e.). Point of Error No. One is overruled.

■ Under his second point of error, Appellant contends that the trial court misinterpreted the terms of the CSA relating to past medical expenses. Most of Appellant's argument, based on erroneous facts, has been covered under the first point of error. The record shows that Appellee's notice of intention to appeal the Board award of May 2, 1986 was received by the Board on May 22 and that the CSA was received by the Board on May 27 and approved by it on May 30, all within the time in which Appellee had to file suit. Article 8307, sec. 5. Therefore, the May 2 award had not become final and was superseded by the CSA. The cases of *Lischefski v. National Surety Corporation,* 683 S.W.2d 811 (Tex.App.—Houston [14th Dist.] 1984, no writ), and *Texas General Indemnity Company v. Strait,* 673 S.W.2d 334 (Tex. App.—Corpus Christi 1984, writ ref'd n.r. e.), cited by Appellant, are not in point since the Board award in this case never became final by virtue of the timely notice of intention to appeal and the timely Board approval of the CSA. Point of Error No. Two is overruled.

■ Under Point of Error No. Three, Appellant urges that the trial court erred in granting the plea to the jurisdiction since "regardless of whether there is any independent claim pending before the [Board]," the trial court did have jurisdiction over Appellant's claims for damages caused by Appellee's alleged violations of the Texas Insurance Code and the Deceptive Trade Practices Act and for the alleged breach of its good faith and fair dealing duties. Appellant's pleadings, never specially excepted to, are very broad and vague, conceivably encompassing tort and statutory claims relating not only to a delay in payment of the disputed medical bills but bad faith and deceptive acts leading up to the signing of the CSA. With reference only to the medical bills, we have an unusual situation here because not only is there an independent claim by the doctor pending before the Board on an inactive status, but there is also Appellant's claim for the same unpaid medical bills which, based on our ruling, must be resubmitted to the Board for a "reasonable and necessary" determination. It would seem axiomatic that the Appellee at this point would have to be under some valid order to pay the expenses before a suit for the medical bills themselves could be brought. But causes of action outside the Workers' Compensation Act for contract, tort and statutory damages occasioned by the non-payment or delay in payment of such bills or relating to the execution of the CSA, for example, are independent and stand on their own. *Aranda v. Insurance Co. of North America,* 748 S.W.2d 210 (Tex.1988); *Aetna Casualty and Surety Company v. Marshall,* 724 S.W.2d 770 (Tex.1987). Appellant contends that his suit should stand on its own irrespective of the ultimate disposition of the bills made by the Board. He pins his argument to the holding of this Court in *Liberty Mutual Fire Insurance Company v. McDonough,* 734 S.W.2d 66 (Tex.App.—El Paso 1987, no writ). In *McDonough,* the carrier had agreed to pay future medical. When a dispute arose over the payment of the bills for the claimant's fifth operation,

the carrier had a hearing set before the Board. It paid the bills without an order to do so prior to the hearing date but after the claimant had filed his bad faith and statutory violation suit. By paying the bills prior to Board determination, it waived the jurisdictional defense as to the disputed bills. The Court went on to say that "the trial court had jurisdiction of this suit [for bad faith and statutory claims] regardless of any filing or order by the Industrial Accident Board, although the carrier may have had a good defense and no obligation to pay the disputed bills until the entry of the Board's award ordering payment." In this case, the carrier has not paid the disputed bills and thus, has not waived the jurisdictional question as to the bills themselves. Thus, the judgment of the trial court sustaining Appellee's plea to the jurisdiction was correct with respect to Appellant's suit for contractual damages for nonpayment of the disputed bills, but was erroneous as it applied to the remainder of Appellant's causes of action. Point of Error No. Three is overruled as it applies to the contractual cause of action for the past medical expense but is sustained as it applies to the remainder of Appellant's causes of action for damages pled outside the Workers' Compensation Act.

Judgment of the trial court dismissing the case for want of jurisdiction is reversed and the case is remanded to the trial court with instructions to sever and dismiss the cause of action for contractual damages occasioned by the nonpayment of the medical bills and to allow the remainder of the causes of action to remain pending and to proceed to trial in their normal course.