Mark E. WALLACE, Appellant,

v.

CITY OF MIDLAND, Appellee.

No. 08–91–00326–CV.

Court of Appeals of Texas,
El Paso.

May 27, 1992.

Rehearing Overruled July 22, 1992.

A.J. Pope, Midland, for appellant.

Terry Rhoads, Cotton, Bledsoe, Tighe & Dawson, Midland, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

KOEHLER, Justice.

In a case arising out of a workers' compensation claim against a self-insured municipality, the Appellant alleged causes of action for wrongful discharge and breach of the duty of good faith and fair dealing against the City. The trial court granted a partial summary judgment in favor of the City on the good faith and fair dealing cause based on the doctrine of sovereign immunity and severed it from the main suit. In a single point of error, the Appellant contends that the trial court erred in granting the summary judgment. We affirm.

The Appellant, Mark E. Wallace (Wallace), was employed by the City of Midland Fire Department as a fire fighter. The City was and is self-insured in accordance with provisions of the Texas Workers' Compensation Act, art. 8309h (Vernon Pamph.1992). Wallace suffered injuries while fighting fires on two separate occasions in 1989. After receiving a letter from a doctor stating that Wallace could not "work in places where there is smoke or dust present[,]" he either was terminated by the City or he resigned. The award of the Industrial Accident Board was appealed by both parties, such suits having been consolidated and transferred to the Midland County Court at Law. With that case still pending, Wallace then filed another suit in the district court alleging, initial-

ly, causes of action for wrongful termination and breach of the duty of good faith and fair dealing (bad faith), and later adding, by an amended petition, a breach of contract claim. The City responded with a motion for partial summary judgment asserting that the bad faith claim was barred by sovereign immunity as a matter of law. The trial court agreed and granted the motion, severing the bad faith claim from the remaining causes of action for the purpose of creating a final judgment. The only issue in this appeal is whether the bad faith cause of action against the City is barred as a matter of law by the doctrine of sovereign immunity.

Wallace asserts that the trial court erred by granting the summary judgment on sovereign immunity grounds. According to him, the doctrine of sovereign immunity is not applicable because (1) by exercising its option to be self-insured, the City was acting in a proprietary manner and had thus lost its immunity; (2) it had waived its immunity by engaging in litigation with him; and (3) the doctrine of sovereign immunity violates the Texas Constitution.

The City is a political subdivision of the State of Texas. Tex.Civ.Prac. & Rem.Code Ann. § 101.001(2)(B) (Vernon Supp.1992).[1] If the City acts in its governmental, rather than a proprietary function, it is liable for damages under a narrow set of circumstances. Section 101.021 specifically provides that:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Governmental functions are "those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public, ...." Section 101.0215(a). Fire protection and control is a governmental function. Section 101.0215(a)(1). In contrast, proprietary functions "are those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality,...." Section 101.0215(b). Except in cases where the Texas Tort Claims Act applies, municipalities in Texas "are immune from tort liability in performing 'governmental' as opposed to 'proprietary' functions." *Abbott v. City of Kaufman*, 717 S.W.2d 927, 930 (Tex.App.—Tyler 1986, writ dism'd).

■ The law in effect at the time Wallace's claim arose, as well as at the present time, requires that "[a]ll political subdivisions of this state shall become either self-insurers, provide insurance under workmen's compensation insurance contracts or policies, or enter into interlocal agreements with other political subdivisions providing for self-insurance, extending workmen's compensation benefits to their employees." Tex.Rev.Civ.Stat. art. 8309h § 2(a) (Vernon Pamph. 1992). Thus, the City was required by state law to provide workers' compensation coverage in any one of three ways. Though it had some discretion in how it would fulfill the workers' compensation requirement, it did not have the discretion not to cover its employees one way or the other.

■ State universities required to provide self-insured workers' compensation coverage for their employees retain their general tort immunity. *Bridges v. Texas A & M University System*, 790 S.W.2d 831, 834 (Tex.App.—Houston [14th Dist.] 1990,

---

1. Chapter 101 of which this is a part is commonly referred to as the Texas Tort Claims Act. Unless otherwise indicated, all statutory references will be to sections of that Act appearing in Tex.Civ.Prac. & Rem.Code Ann. (Vernon 1986 and Supp.1992).

no writ); *Lyons v. Texas A & M University*, 545 S.W.2d 56, 58 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). School districts that establish self-funded group medical insurance programs do not waive their governmental immunity. *Murray v. San Jacinto Agency, Inc.*, 759 S.W.2d 778, 779 (Tex.App.—El Paso 1988), *rev'd on other grounds*, 800 S.W.2d 826 (Tex.1990). There is no indication in the Workers' Compensation Act that the legislature intended, by giving municipalities several options to meet the requirement, to waive governmental immunity. The furnishing of workers' compensation coverage by one means or another by a municipality to its employees is mandated by law and as such, the means by which the municipality complies remains a governmental function.

■ Wallace next contends that the City waived its defense of sovereign immunity by going to court seeking relief by either claim or counterclaim. In support of this proposition, he cites *Cortez v. Unauthorized Practice of Law Committee, State Bar of Texas*, 674 S.W.2d 803 (Tex.App.—Dallas 1984), *rev'd*, 692 S.W.2d 47 (Tex. 1985), *cert. denied*, 474 U.S. 980, 106 S.Ct. 384, 88 L.Ed.2d 337 (1985), where the Court of Appeals held that a governmental entity was, in the absence of an exempting statute, liable for court costs assessed against it. He also cites *Texas Company v. State*, 281 S.W.2d 83 (Tex.1955), which held that the state, by failing to assign error as required by the Rules of Civil Procedure, waived its complaint. Neither of these cases hold that a governmental entity waives its sovereign immunity by requesting affirmative relief in court but only that a state agency is subject to the same rules of procedure as any other litigant.

Finally, Wallace asserts that the doctrine of sovereign immunity violates Article 1, Sections 17 and 19 of the Texas Constitution. The Supreme Court of Texas has held that any waiver of sovereign immunity is a matter to be addressed by the state legislature. *Hopkins v. Spring Independent School District*, 736 S.W.2d 617, 619 (Tex.1987); *Barr v. Bernhard*, 562 S.W.2d 844 (Tex.1978); *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976).

Wallace's point of error is overruled. Judgment of the trial court is affirmed.

BARAJAS, Justice, concurring.

While I am in agreement with the majority's holding, I find it necessary to concur with the majority opinion.

The central issue is whether a city who elects to be self-insured pursuant to the Texas Workers' Compensation Act, and who contracts with an independent claims adjuster for the administration of its plan, is performing a governmental function and, therefore, may avail itself of the doctrine of governmental immunity.

On November 8, 1988, the City entered into an interlocal agreement with the Texas Municipal League Workers' Compensation Joint Insurance Fund (the Fund) for the purpose of providing the statutory benefits prescribed by Article 8309h of the Texas Workers' Compensation Act for its employees.[2] Tex.Rev.Civ.Stat.Ann. art. 8309h. By executing the interlocal agreement, the

---

2. The resolution of the City of Midland read as follows:

RESOLUTION NO. 88–0343
RESOLUTION AUTHORIZING THE EXECUTION OF AN INTERLOCAL AGREEMENT WITH THE TEXAS MUNICIPAL LEAGUE WORKERS' COMPENSATION JOINT INSURANCE FUND.

WHEREAS, the City Council finds it to be in the public interest to authorize the execution of a new Interlocal Agreement with the Texas Municipal League Workers' Compensation Joint Insurance Fund for the purpose of providing the statutory benefits prescribed by Article 8309h of the Texas Workers' Compensation Act for employees of the City of Midland;

NOW, THEREFORE, BE IT RESOLVED BY THE CITY COUNCIL OF THE CITY OF MIDLAND, TEXAS:

SECTION ONE. That the City Manager is hereby authorized and directed to execute an Interlocal Agreement, and a volunteer endorsement thereto, with the Texas Municipal League Workers' Compensation Joint Insurance Fund, such agreement and volunteer endorsement to be in the form attached hereto as Exhibit "A" and made a part hereof for all legal purposes.

SECTION TWO. That the City Treasurer is hereby authorized and directed to make the appropriate payments pursuant to the above described Interlocal Agreement from the various appropriate 1988–89 budget accounts.

City agreed to become a self-insured workers' compensation employer by becoming one of the members of the Fund Pool of other self-insured employer members.[3] All expenses and claims were paid into the Fund. The Texas Municipal League Workers' Compensation Joint Insurance Fund administered the City's workers' compensation plan for a fee.[4]

## I. SCOPE OF SOVEREIGN IMMUNITY

The Texas Legislature has taken steps to statutorily list those municipal activities that fall within a municipality's governmental as well as proprietary functions. Tex. Civ.Prac. & Rem.Code Ann. § 101.0215 (Vernon Supp.1992). Neither list is inclusive.

A city is immune from liability for torts committed by its employees when the city is performing a governmental function unless the state, by statute, has waived immunity.[5] On the other hand, a city is liable for torts committed by its employees when the city is performing a proprietary function. *City of Gladewater v. Pike*, 727

On motion of Council member Marcum, seconded by Council member Williams, the above and foregoing resolution was adopted by the City Council of the City of Midland at a regular meeting on the 8th day of November, A.D., 1988, by the following vote:

Council members voting "AYE": Marcum, Williams, Thomas, Rendall, Monaghan, and Heck

Council members voting "NAY": None

/s/ Carroll M. Thomas
Carroll M. Thomas, Mayor
/s/ Fred W. Poe
Fred W. Poe, City Manager
APPROVED AS TO FORM:
/s/ David W. Reagan
David W. Reagan, City Attorney

3. Although the City contracted with the Texas Municipal League Worker's Compensation Joint Insurance Fund for the purpose of administering its workers' compensation plan, thereby giving the Fund full and complete discretion over the adjusting of claims of its disabled employees, the Texas Municipal League Worker's Compensation Joint Insurance Fund has not been made a party to this action.

4. The interlocal agreement provides in pertinent part as follows:

TEXAS MUNICIPAL LEAGUE WORKERS' COMPENSATION JOINT INSURANCE FUND INTERLOCAL AGREEMENT

* * * *

9. The Fund, through its staff and the Contractor, agrees to handle any and all claims after notice of injury has been given, to prepare all required Industrial Accident Board forms, and provide a defense. The Employer Member [City of Midland] hereby appoints the Fund staff and the Contractor as its agents to act in all matters pertaining to processing and handling of workers' compensation claims and shall cooperate fully in supplying any information needed or helpful in such defense. The Fund shall be responsible for seeing that all negotiations are carried on with the injured employee and his attorney at the prehearing conference and that negotiations are within authority previously granted by the Fund. If a personal appearance by the employer or a co-employee is necessary, the expense of this appearance will be paid by the Employer Member. With the advice and consent of the Fund, the Fund Staff and Contractor will retain and supervise legal counsel on behalf of and at the expense of the Fund necessary for the prosecution of any litigation. All decisions in individual cases shall be made by the Fund through the Fund Staff and the Contractor, which includes the decision to appeal or not to appeal an Industrial Accident Board's final ruling and decision. However, any Employer Member shall have the right in any case involving one of its employees, to consult with the Fund on any decision made by the Fund Staff or the Contractor. The Board [Board of Trustees of the Texas Municipal League Workers' Compensation Joint Insurance Fund] shall hear the objections of the Employer Member at its next regularly scheduled meting [sic] and its decision will be final and binding on all parties. Any suit brought or defended by the Fund shall be in the name of the political subdivision. Notwithstanding any provisions of this paragraph, all reports and filings required by the Workers' Compensation Law and the Industrial Accident Board of any employer will be the responsibility of the Employer Member. It is further understood that this Agreement does not cover discrimination suits under Article 8307c. There shall be supplied quarterly to each Employer Member a computer printout involving a statement of claims, claims status, and activity report cumulative for each Fund Year.

5. The Supreme Court of Texas has held that any waiver of sovereign immunity is a matter to be addressed by the state legislature. *Hopkins v. Spring Independent School District*, 736 S.W.2d 617, 619 (Tex.1987); *Barr v. Bernhard*, 562 S.W.2d 844 (Tex.1978); *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976).

S.W.2d 514, 519 (Tex.1987); *City of Round Rock v. Smith,* 687 S.W.2d 300, 302 (Tex. 1985); *City of Austin v. Daniels,* 160 Tex. 628, 335 S.W.2d 753 (Tex.1960).

The courts of this State have long ago established the rules for determining whether a particular municipal activity is governmental or proprietary. It is well settled that activities which are carried on by a city pursuant to state requirement in discharge of the state's obligation for the health, safety or general welfare of the public generally, or which are voluntarily assumed by the city for the benefit of the public generally rather than for its own citizens, are performed in a governmental capacity and as a governmental function. *City of Houston v. Quinones,* 142 Tex. 282, 177 S.W.2d 259 (Tex.1944); Tex.Civ. Prac. & Rem.Code Ann. § 101.0215(a).

Proprietary functions are those which a city in its discretion may perform when considered to be for the best interest of citizens of the city as distinguished from that of the general public. *Pontarelli Trust v. City of McAllen,* 465 S.W.2d 804 (Tex.App.—Corpus Christi 1971, no writ); *See Sarmiento v. City of Corpus Christi,* 465 S.W.2d 813, 816 (Tex.App.—Corpus Christi 1971, no writ); Tex.Civ.Prac. & Rem.Code Ann. § 101.0215(b).

This Court, in 1988, decided the case of *Murray v. San Jacinto Agency, Inc.,* 759 S.W.2d 778 (Tex.App.—El Paso 1988), *rev'd on other grounds,* 800 S.W.2d 826 (Tex. 1990). Murray presented an almost identical situation in which suit was brought against the Ector County Independent School District and the San Jacinto Agency, Inc., an independent claims adjusting com-

pany for breach of duty of good faith and fair dealing. The school district had implemented a statutorily authorized self-funded group medical insurance program under which premiums were paid into a trust. All expenses and claims were paid from the trust. The San Jacinto Agency administered the plan for a fee. This Court held that recovery against the school district was barred insofar as the function of providing its employees with health insurance through a self-funded program was governmental in nature, rather than proprietary.[6] This Court found that recovery against the independent claims adjusting company, as the administering agent for the workers' compensation plan was barred by limitations. The Texas Supreme Court reversed the judgment of this Court as to the limitations question and remanded the cause of action against the independent adjusting company to the trial court for further proceedings. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826 (Tex. 1990).[7]

Insofar as the provisions of Tex.Rev.Civ. Stat.Ann. art. 8309h are mandatory, the act by the City of Midland in electing to be self-insured in providing workers' compensation coverage to its employees is a governmental function that is enjoined on the City of Midland by law. Therefore, the City is immune from liability. The City is given this mandate by the state as part of the state's sovereignty, to be exercised by the City in the interest of the general public. Tex.Civ.Prac. & Rem.Code Ann. § 101.0215(a).

When an employer acts as a self-insurer, the claims administration service plays an

---

**6.** It has long been held that an independent school district, unlike a city or town, performs no proprietary functions which are separate and independent of its governmental powers. *Murray v. San Jacinto Agency, Inc.,* 759 S.W.2d at 779; *Braun v. Trustees of Victoria Independent School Dist.,* 114 S.W.2d 947 (Tex.App.—San Antonio 1938, writ ref'd).

**7.** Generally, causes of action outside the Workers' Compensation Act for contract, tort and statutory damages occasioned by the non-payment or delay in payment of medical expenses are independent and stand on their own. *Aranda v. Insurance Co. of North America,* 748

S.W.2d 210 (Tex.1988); *Aetna Casualty and Surety Company v. Marshall,* 724 S.W.2d 770 (Tex.1987); *Rodriguez v. American General Fire & Casualty Company,* 788 S.W.2d 583 (Tex. App.—El Paso 1990). However, insofar as Texas Municipal League Worker's Compensation Joint Insurance Fund has not been made a party to this action, this Court, neither by implication or otherwise, decides whether an independent claims adjusting company acting on behalf of a self-insured employer owes a duty of good faith and fair dealing to an injured employee in investigating and processing a workers' compensation claim.

integral role in the provision of benefits. In the instant case, the City has delegated full and complete responsibility to adjust the claims of its disabled employees to a third party. The doctrine of sovereign immunity correctly bars any recovery against the City of Midland insofar as the acquisition of workers' compensation coverage is legislatively mandated, whether through a self-insurance program or otherwise. Further, Appellant has made no claim that the Texas Tort Claims Act has any application, nor has he advanced any Texas cases that would support his contention in this regard.