United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-50378

FLUOR DANIEL, INC.,

Plaintiff-Counter Defendant-Appellee,

versus

TRAVIS COUNTY, TEXAS,

Defendant-Counter Claimant-Appellant.

Appeal from the United States District Court for
the Western District of Texas

_____

Before KING, Chief Judge, REAVLEY and STEWART, Circuit Judges.

REAVLEY, Circuit Judge:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We conclude, under Travis County v. Pelzel & Associates, Inc.[1] and related authority, that Travis County (the County) was immune from suit. We must therefore reverse and render judgment in favor of the County.

Fluor Daniel, Inc. (Fluor) argues that prior to Pelzel counties were not immune from suit and that Pelzel should not be applied retroactively. Pelzel itself cites cases going back to 1892 for the proposition that "[a] county is a governmental unit protected by the doctrine of sovereign immunity."[2] We are not in a posture to second guess the Texas Supreme Court's interpretation of Texas law. In a diversity case, our task is to decide the case as the state supreme court would decide it.[3] We are persuaded that the Texas Supreme Court would side with Travis County in the pending case.[4]

Fluor argues that the county is a separate legal entity which could, under Texas law, waive sovereign immunity independently of any action by the Texas Legislature. This question may be undecided under Texas law, or Pelzel's reference to waiver by "a

---

[1] 77 S.W.3d 246 (Tex. 2002).

[2] Id. at 248.

[3] Tex. Dep't of Housing & Cmty. Affairs v. Verex Assurance, Inc., 68 F.3d 922, 928 (5th Cir. 1995).

[4] Furthermore, Pelzel held that sovereign immunity barred suit on a contract entered into in March 1994, see 30 S.W.3d at 664 (court of appeals decision), before the parties entered into the contract at issue in the pending case. Even if Pelzel changed the law and does not, for some reason, apply retroactively to all cases, we think the Texas Supreme Court at least intended it to apply to contracts executed after the date of the contract in that case, especially where, as here, the defendant claiming sovereign immunity repeatedly moved for a trial continuance until the Texas Supreme Court ruled in Pelzel.

governmental entity"[5] and discussion of whether the county in that case had waived

immunity[6] may have been intended to recognize such authority on the part of Texas

counties.[7]  Assuming without deciding that a county can waive its sovereign immunity

without action by the Texas Legislature, and that this argument was duly preserved below

or is otherwise properly before us, we cannot agree with Fluor that the County waived

immunity in this case.

Fluor argues that the County waived sovereign immunity in paragraph 8 of the

Third Amendment to the contract, which states:

> Neither Fluor nor County waives any right to enforce any provision of the
> contract as it was approved in August of 1994 and modified twice by
> Amendment.  It is the clear and expressed intent of Fluor and the County
> that this reservation and non-waiver should survive the Project and the
> Contract.  All rights to resolution, including enforcement by litigation, are
> reserved.

The amendment was signed by the county judge.  At the outset, we are unsure

whether the county judge acting in his capacity as the county's chief executive can waive

---

[5]  77 S.W.3d at 248.

[6]  Id. at 251-52.

[7]  We recently recognized that a Texas home-rule municipality can waive
sovereign immunity by enacting a "sue and be sued" provision in its city charter, Webb v.
City of Dallas, 314 F.3d 787, 795 (5th Cir. 2002), though we also noted a state statute
providing that home-rule municipalities "'may plead and be impleaded in any court,'" id.
at 793 (quoting TEX. LOC. GOV'T CODE ANN. § 51.075 (Vernon 1999)).  Pelzel, however,
noted that the Texas Legislature had long ago repealed "sue and be sued" language in a
statute applicable to counties.  "Thus well over a hundred years ago, the Legislature
deleted the only [statutory] language arguably waiving sovereign immunity, suggesting
that it intended to preserve counties' immunity from suit."  Id. at 250.

sovereign immunity. In <u>Texas Natural Resource Conservation Commission v. IT-Davy</u>,[8] the court rejected the argument that a contractual provision providing that disputes could be decided by arbitration or in court effected a waiver of sovereign immunity. The court held that since only the Legislature could waive sovereign immunity, "administrative agents," even those with authority to enter into contracts, had no authority to waive immunity.[9] By analogy, the Texas Supreme Court might conclude that only the legislative body of the county—the commissioner's court—can waive sovereign immunity. It has previously stated that a waiver can only occur by statute or "legislative resolution."[10]

Assuming as a factual matter that the full commissioner's court voted in favor of the Third Amendment as a formal legislative act, Texas law provides that a waiver of sovereign immunity must the "clear and unambiguous."[11] The amendment does not clearly and unambiguously waive sovereign immunity. We read it as a <u>non-waiver</u> of whatever rights the parties had before, not a <u>waiver</u> of sovereign immunity. It states that the rights of the parties are "reserved" and that the "non-waiver" of rights survives. One of the "rights" preserved is the county's sovereign immunity. At the very least, the

---

[8] 74 S.W.3d 849 (Tex. 2002).

[9] <u>Id.</u> at 857-58.

[10] <u>Federal Sign v. Tex. S. Univ.</u>, 951 S.W.2d 401, 405 (Tex. 1997).

[11] <u>See</u> <u>Pelzel</u> 77 S.W.3d at 248; <u>IT-Davy</u>, 74 S.W.3d at 854; <u>Gen. Servs. Comm'n v. Little-Tex Insulation Co.</u>, 39 S.W.3d 591, 594 (Tex. 2001); <u>Federal Sign</u>, 951 S.W.2d at 405.

provision's meaning is uncertain and it does not clearly and unambiguously waive sovereign immunity. It does not mention sovereign immunity.

Fluor argues in the alternative that the county waived its sovereign immunity by filing counterclaims and third-party claims. We again assume without deciding that this argument was timely presented.

Fluor cites Anderson, Clayton & Co. v. State ex rel. Allred,[12] which according to another cited case, Fesal v. Hutchinson County,[13] is "authority for the general rule that where the state voluntarily files a suit and submits its right for judicial determination, the state will be bound thereby and the defendant will be entitled to plead and prove all matters which are properly defensive . . . ."[14] These cases do not persuade us that the filing of a counterclaim or third-party claim in the pending circumstances effected a waiver of sovereign immunity. We would characterize another case cited by Fluor, Railroad Commission v. Arkansas Fuel Oil Co.,[15] as a judicial estoppel case recognizing the rule preventing a party from asserting a position in a legal proceeding that is contrary to a position earlier taken in the same or some earlier proceeding.[16] It is not a sovereign immunity case. We read another case cited by Fluor, State v. City National Bank of

---

[12] 62 S.W.2d 107 (Tex. Comm'n App. 1933, opinion adopted).

[13] 443 S.W.2d 937 (Tex. Civ. App.–Amarillo 1969, writ ref'd n.r.e.).

[14] Id. at 938.

[15] 148 S.W.2d 895 (Tex. Civ. App.–Austin 1941, writ ref'd).

[16] See United States v. McCaskey, 9 F.3d 368, 378 (5th Cir. 1993).

5

Austin,[17] as a case where a state agency expressly waived sovereign immunity by stating it its contract that it could be sued for unpaid rent. It did not address whether the filing of a counterclaim or third-party claim effected a waiver of sovereign immunity, and in any event preceded the latest Texas Supreme Court decisions on the subject of sovereign immunity. In short, none of the cases cited by Fluor squarely holds that a county who is initially sued as a defendant and who asserts sovereign immunity throughout the proceeding nevertheless waives that immunity by filing a counterclaim or third-party claim.

Wallace v. City of Midland[18] rejected an appellant's argument that a city "waived its defense of sovereign immunity by going to court seeking relief by either claim or counterclaim."[19] It interpreted prior case law as not holding "that a governmental entity waives its sovereign immunity by requesting affirmative relief in court but only that a state agency is subject to the same rules of procedure as any other litigant."[20]

We conclude that the filing of a counterclaim or third-party claim should not be deemed a waiver of immunity in the pending case. It should be deemed pleading in the alternative. The County points out that throughout the lower court proceedings it asserted

_____

[17] 578 S.W.2d 155 (Tex. Civ. App.–Tyler 1979), aff'd, 603 S.W.2d 764 (Tex. 1980).

[18] 836 S.W.2d 641 (Tex. App.–El Paso 1992, writ denied).

[19] Id. at 643.

[20] Id.

6

sovereign immunity, asserted the counterclaims and third-party claims only after losing its motion to dismiss on grounds of sovereign immunity, and asserted these affirmative claims subject to and without waiving its immunity.

Again, any uncertainty on this question must be resolved in favor of the County, since Texas law requires that waivers of sovereign immunity be clear and unambiguous. Further, holding that the filing of a counterclaim or third-party claim waived immunity is a either a variant of the "waiver by conduct" argument, which the Texas Supreme Court rejected in IT-Davy[21] and Little-Tex,[22] or an implied waiver theory, inconsistent with Pelzel's requirement that "[e]xpress consent is required to show that immunity from suit has been waived."[23] Finally, as a court sitting in diversity, we must not "expand state law beyond its presently existing boundaries."[24]

In a FED. R. APP. P. 28(j) letter, Fluor cites Lubbock County v. Trammel's Lubbock Bail Bonds,[25] which allowed a suit to proceed against a county. Suffice it to say that this case did not discuss sovereign immunity, for reasons not readily apparent to us, and was not a suit on a contract. Given the choice between relying on Trammel's

---

[21] 74 S.W.3d at 857 ("[W]e reject IT-Davy's argument that we should fashion such a waiver-by-conduct exception in a breach-of-contract suit against the State.").

[22] 39 S.W.2d at 597 ("[W]e refuse to intercede . . . by judicially adopting a waiver-by-conduct doctrine.").

[23] 77 S.W.3d at 248.

[24] Rubinstein v. Collins, 20 F.3d 160, 172 (5th Cir. 1994).

[25] 80 S.W.3d 580 (Tex. 2002).

7

Lubbock Bail Bonds, or the four recent Texas Supreme Court cases discussed above—Pelzel, IT-Davy, Little-Tex, and Federal Sign—all of which address at length sovereign immunity in contract cases, we rely on the latter cases.

For the foregoing reasons, the judgment is reversed and a take-nothing judgment is hereby entered in favor of the County.

REVERSED AND RENDERED.