methodist hospitals 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 



ON MOTION FOR REHEARING


 




NO. 3-91-565-CV


AND


NO. 3-91-566-CV




METHODIST HOSPITALS OF DALLAS, ET AL.,



 APPELLANTS


vs.



TEXAS WORKERS' COMPENSATION COMMISSION; GEORGE CHAPMAN;


AMERICAN INSURANCE ASSOCIATION; ALLIANCE OF AMERICAN INSURERS; 

THE NATIONAL ASSOCIATION OF INDEPENDENT INSURERS; AND 


THE TEXAS WORKERS' COMPENSATION ASSIGNED RISK POOL,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NOS. 465,511 & 465,511A, HONORABLE PETE LOWRY, JUDGE PRESIDING



 




 The opinion of the Court dated August 25, 1993 is withdrawn and this opinion is
substituted therefor.

 In appealing two related causes, appellants (1) assert the trial court erred in dismissing
both proceedings as moot. Because we hold that some of appellants' claims are moot and that the trial court did not have jurisdiction over the remaining claims, we will affirm the trial
court's judgment of dismissal in both causes.



BACKGROUND


 Under the workers' compensation statutory scheme, health care providers have long
been entitled to fair and reasonable compensation for the medical services rendered injured
workers. See Act of March 28, 1917, 35th Leg., R.S., ch. 103, § 1, 1917 Tex. Gen. Laws 269,
273 (Tex. Rev. Civ. Stat. Ann. art. 8306, § 7b, since repealed). In 1987, the Legislature directed
the Industrial Accident Board to establish and maintain "a guideline of fair and reasonable fees
and charges" that health care facilities may collect for their treatment of workers' compensation
patients. Act of June 19, 1987, 70th Leg., R.S., ch. 1118, § 1, 1987 Tex. Gen. Laws 3834, 3834
(Tex. Rev. Civ. Stat. Ann. art. 8306, § 7b(c)(1), since repealed). In response, the Industrial
Accident Board (now the Texas Workers' Compensation Commission) (2) adopted its Rule 42.110
on October 31, 1989, to be in effect for 1990 only. See 14 Tex. Reg. 5870 (1989) (28 Tex.
Admin. Code § 42.110, since repealed). This rule established fee guidelines for charges that
health care facilities may collect for services they provide employees injured on the job, and for
which they are entitled to reimbursement from the employers' insurance company. Appellants
originally filed suit seeking declaratory and injunctive relief from Rule 42.110. The Commission
and its executive director were defendants in this cause. Several parties intervened in opposition
to appellants' allegations. (3) The trial court denied appellants' request for a temporary injunction,
a ruling that this Court affirmed on appeal. We held that although the appellants had
demonstrated that the challenged rule was invalidly enacted, we could not hold on the record
before us that the trial court abused its discretion by not granting the requested temporary
injunction. Methodist Hosps. v. Industrial Accident Bd., 798 S.W.2d 651 (Tex. App.--Austin
1990, writ dism'd w.o.j.).

 On December 5, 1990, the Commission amended Rule 42.110 on an emergency
basis, allowing the guidelines to remain effective beyond their original expiration date, December
31, 1990. 15 Tex. Reg. 7073 (1990). The amended rule continued in effect until June 30, 1991. 
16 Tex. Reg. 2039 (1991); 16 Tex. Reg. 3173 (1991). Both the original and amended rule
applied to the treatment of injuries that occurred before January 1, 1991. (4) On December 21,
1990, the Commission adopted a new Rule 134.400 on an emergency basis, effective January 1,
1991. See 16 Tex. Reg. 78 (1991) (28 Tex. Admin. Code § 134.400, since repealed). This rule
contained fee guidelines identical to those in Rule 42.110. Rule 134.400 applied to the treatment
of injuries that occurred on or after January 1, 1991. (5) Rule 134.400 also remained in effect until
June 30, 1991. 16 Tex. Reg. 359 (1991); 16 Tex. Reg. 2007 (1991). Appellants amended their
suit against the same defendants, asking the trial court to declare that the amended Rule 42.110
and the new Rule 134.400 were invalidly promulgated and to enjoin their enforcement. The trial
court severed the claims involving the original Rule 42.110 (the original cause) from the claims
relating to the amended Rule 42.110 and Rule 134.400 (the severed cause). (6)

 After severance of their claims, appellants once again amended their pleadings,
seeking additional relief. Appellants asked the court to certify a class of defendants consisting of
all insurance companies that had engaged in writing workers' compensation insurance in Texas
since February 4, 1989. Appellants asked the court to declare Rule 42.110 and Rule 134.400
invalid and to enjoin the Commission and the class defendants from relying directly or indirectly
upon the fee guidelines in determining the fair and reasonable amount due appellants for the
services they provided to workers' compensation claimants after February 4, 1989. Finally,
appellants sought declaratory and injunctive relief requiring the class defendants to determine the
correct amount due for appellants' services and seeking damages for the difference between the
amount the class defendants had previously paid appellants and the proper reimbursement due
them.

 After the amended Rule 42.110 and Rule 134.400 expired on June 30, 1991, the
defendants and intervenors filed a motion to dismiss in both causes, claiming that appellants'
claims were moot. Appellants assert the trial court incorrectly granted these motions because at
least two controversies remained: (1) the fair and reasonable charges due for appellants' services
since February 4, 1989, and (2) the validity of Rule 42.110, Rule 134.400, and the fee guidelines. 
They also claim they were entitled to judgment based upon this Court's decision in the earlier
appeal from the denial of the temporary injunction. Appellants bring three points of error in
Cause No. 3-91-565-CV involving the original Rule 42.110 (the original cause), and five points
of error in Cause No. 3-91-566-CV involving amended Rule 42.110 and Rule 134.400 (the
severed cause).



PRELIMINARY ISSUES


 In appellants' third point of error in the original cause, they assert that the trial
court should have granted their motion for judgment declaring the fee guidelines invalid. 
Appellants contend that this Court's opinion in Methodist Hospitals constitutes the "law of the
case" and required the trial court to grant their motion. We agree that our earlier opinion,
although a decision on appeal from the refusal of a temporary injunction, constitutes the law of
this case as to the legal principles declared therein. Texaco, Inc. v. Parker, 373 S.W.2d 870, 872
(Tex. Civ. App.--El Paso 1963, writ ref'd n.r.e.). 

 In our earlier opinion, we stated that former section 5 of the Administrative
Procedure and Texas Register Act, Tex. Rev. Civ. Stat. Ann. art. 6252-13a (West Supp. 1993)
("APTRA") (7), established the procedures the Commission was bound to observe in adopting Rule
42.110 and that section 5(e) of APTRA declares that no rule is valid unless adopted in substantial
compliance with these requirements. As we held, substantial compliance is a question of law for
the court, not one of fact, and must be determined solely from the face of the Commission's order
adopting the rule. Methodist Hosps., 798 S.W.2d at 659.

 Our conclusion after reviewing the Commission's order was that Rule 42.110 was
invalidly enacted because it was not adopted in substantial compliance with APTRA § 5(c-1)(1). 
Methodist Hosps., 798 S.W.2d at 659. Our conclusion on a question of law constitutes the law
of the case binding the trial court and the Commission and rendering further orders unnecessary. 
When the trial court granted appellees' motion and dismissed the cause as moot, however, it lost
the power to grant appellants' motion or adjudicate issues further. When a cause becomes moot,
the only proper judgment is one dismissing the cause. Polk v. Davidson, 196 S.W.2d 632, 633
(Tex. 1946). This point is overruled.

 Appellants' fourth and fifth points of error in the severed cause complain about the
trial court's "finding" that the challenged rules were validly enacted. Appellants admit in their
brief to this Court, however, that no written ruling to this effect exists; the trial court simply
dismissed the cause. These points are overruled.



MOOTNESS


 Appellants' second points of error in both causes contend that their claims for any
further declaratory and injunctive relief regarding the original and amended Rule 42.110 and Rule
134.400 are not moot, despite the expiration of these rules. Having expired, no rule exists for
the trial court to enjoin the Commission from enforcing. As to appellants' declaratory relief, this
Court has held that "a judgment . . . under these circumstances would be ineffectual for want of
a subject matter upon which it could operate, the validity of [the rule] being immaterial." Texas
Parks & Wildlife Dep't v. Texas Ass'n of Bass Clubs, 622 S.W.2d 594, 596 (Tex. App.--Austin
1981, writ ref'd n.r.e.) (agency rule superseded by statute).

 Appellants contend that the fee guidelines could be reenacted at any time. The
validity of any future rule can be challenged at a later date. Courts are not empowered to decide
cases predicated upon future contingencies. Id. at 596. Appellants' second points of error are
overruled.

 Appellants' third point in the severed cause claims that the Commission's issuance
of fee guidelines is an act "capable of repetition yet evading review," an exception to the mootness
doctrine. See General Land Office v. Oxy USA, 789 S.W.2d 569, 571 (Tex. 1990); Texas Educ.
Agency v. Dallas Indep. Sch. Dist., 797 S.W.2d 367, 369 (Tex. App.--Austin 1990, no writ).

 Appellants claim the emergency extension of Rule 42.110 for six months shows the
Commission's willingness to use its emergency powers to extend rules indefinitely. The record
reflects the Commission was faced with a difficult transition from enforcing the existing workers'
compensation law, the "old law," to implementing the "new law" applying to post-1990 injuries. 
It chose to extend a rule dealing with the "old law" while it concentrated its resources on
establishing rules under the "new law." The trial court dismissed appellants' actions as moot after
the temporary extension of Rule 42.110 and Rule 134.400 had expired, on June 30, 1991, and the
Commission has not reenacted Rule 42.110 since its expiration. (8) We decline to hold that the fee
guidelines fall within the "capable of repetition" exception and, accordingly, overrule this point
of error.



JURISDICTION OVER REIMBURSEMENT CLAIMS


 Appellants' first points of error in both causes assert that their requests for a class
certification of insurance carriers and their claims for underpayment from these carriers apply to
a continuing controversy and are not moot. We initially agree that appellants' claims seeking fair
compensation for services provided to injured employees after February 4, 1989, represent actual
disputes ripe for resolution. However, these claims fall outside the jurisdiction of the trial court
and must be dismissed.

 In addressing appellants' claims pertaining to services for injuries that occurred
before 1991, (9) we must look to the "old law" effective at that time, according to section 17.18(d)
of the Act. The relevant jurisdictional statute provided that



[a]ll questions arising under [workers' compensation] law . . . shall, except as
otherwise provided, be determined by the [Industrial Accident] Board. . . . Any
interested party . . . shall, within twenty (20) days after the rendition of said final
ruling and decision . . . file with said Board notice . . . and he shall within twenty
(20) days after giving such notice bring suit . . . to set aside such final ruling and
decision.



Act of June 15, 1977, 65th Leg., R.S., ch. 412, § 1, 1977 Tex. Gen. Laws 1113, 1113 (Tex.
Rev. Civ. Stat. Ann. art. 8307, § 5 (since repealed)); see also 28 Tex. Admin. Code § 42.315
(1993) (workers' compensation awards appealable under section 5 of article 8307). As for
appellants' claims pertaining to the "new law," the statute provides that



[a] party that has exhausted its administrative remedies under this Act and is
aggrieved by a final decision of the appeals panel may seek judicial review under
this chapter by filing suit.


Act of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, art. 6, § 6.61, 1989 Tex. Gen. Laws 1, 60
(codified as Tex. Rev. Civ. Stat. Ann. art. 8308-6.61).

 Appellants have the right to seek review before the Commission of disputes with
insurance carriers about the amount due appellants for medical services provided to injured
employees. 28 Tex. Admin. Code § 42.305 (1993). (10) With respect to appellants' claims
regarding Rule 42.110, the workers' compensation statute provides a mechanism for resolving
appellants' dispute with the carriers, and thus appellants' claims "arise under" the workers'
compensation law as described in section 5 of article 8307. Pacific Indem. Ins. Co. v. Liberty
Mut. Ins. Co., 834 S.W.2d 91, 94 (Tex. App--Austin 1992, no writ). With respect to appellants'
claims regarding Rule 134.400, the workers' compensation statute states that judicial review is
available after a party has exhausted its administrative remedies. Appellants also have a viable
cause of action in the district courts against workers' compensation carriers for the recovery of
these same expenses. Maryland Casualty Co. v. Hendrick Memorial Hosp., 169 S.W.2d 969, 974
(Tex. 1943). For a district court to exercise jurisdiction over a workers' compensation dispute,
however, the claim sued upon must first have been presented to the Commission. Johnson v.
American Gen. Ins. Co., 464 S.W.2d 83, 84 (Tex. 1971). The Commission has jurisdiction to
hear and determine such claims initially, and trial-court jurisdiction attaches only on review of a
decision by the Commission. Pacific Indem. Ins. Co., 834 S.W.2d at 92-93; see Johnson, 464
S.W.2d at 84. This jurisdictional requirement specifically applies to the issue of whether a
hospital's bill is fair and reasonable. See Rodriguez v. American Gen. Fire & Casualty Co., 788
S.W.2d 583, 585 (Tex. App.--El Paso 1990, writ denied).

 Appellants suggest that appellees have waived any complaint about the trial court's
lack of jurisdiction by failing to plead this as an affirmative defense under Texas Rule of Civil
Procedure 94. Appellants cite no authority for this contention. When a plaintiff is required by
statute to take preliminary administrative action before filing suit, he has the burden of showing
that such a prerequisite has been met. Rodriguez, 788 S.W.2d at 584. Furthermore, lack of trial-court jurisdiction may be raised at any time, even on appeal, by the parties or by the court itself. (11)

 Appellants did not adjudicate their monetary claims before the Commission. Their
argument on appeal is that any such attempt would be futile. They point to a statute that governed
pre-1991 workers' compensation law, which made medical charges, if consistent with fee
guidelines established by the Commission, presumptively fair and reasonable. Act of June 19,
1987, 70th Leg., R.S., ch. 1118, § 1, 1987 Tex. Gen. Laws 3834, 3836 (Tex. Rev. Civ. Stat.
Ann. art. 8306, § 7b(o), since repealed). Commission Rule 42.140 provides as follows:



A [health care] provider will be paid an amount that is fair and reasonable. It shall
be presumed that fair and reasonable amounts are those established in the fee
guidelines. Any adjudication by the board as to fair and reasonable amount will
be consistent with fee guidelines unless evidence has been properly filed with the
board indicating that a different amount is fair and reasonable. The board will
consider any request for payment in excess of the fee guidelines when filed by
report.



28 Tex. Admin. Code § 42.140 (1992) (emphasis added). 

 Guidelines merely assist carriers and, upon review, the Commission in determining
whether medical charges are "fair and reasonable" or satisfy the applicable standard. Act of June
19, 1987, 70th Leg., R.S., ch. 1118, § 1, 1987 Tex. Gen. Laws 3834, 3834 (Tex. Rev. Civ. Stat.
Ann. art. 8306, § 7b(b), since repealed). The Commission remains free to compensate providers
in an amount it deems has been shown to be appropriate. In effect, the issue is a question of
proof, and we decline to render an advisory opinion as to admissible evidence before the
Commission. Appellants must seek a decision from the Commission before the district court may
review the reasonableness of appellants' compensation. We overrule appellants' first points of
error in both causes.




CONCLUSION


 We hold that appellants' claims for relief from the original and amended Rule
42.110 and Rule 134.400 are moot because the complained-of rules have expired and have not
been reenacted. We further hold that appellants' monetary claims against a class of carrier
defendants must be dismissed for want of jurisdiction, because the trial court had no jurisdiction
to review them prior to a final order of the Commission. We therefore affirm the trial court's
orders of dismissal in both causes.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed on Both Causes

Filed: March 9, 1994

Publish
1. The appellants in these causes are Methodist Hospitals of Dallas; All Saints Episcopal
Hospitals of Fort Worth; Arlington Memorial Hospital Foundation, Incorporated; Baylor
Institute for Rehabilitation--d/b/a Baylor Center for Restorative Care; Baylor Institute for
Rehabilitation--Gaston Pavillion; Baylor University Medical Center (Dallas); Baylor Medical
Center at Ennis; Baylor Medical Center at Gilmer; Baylor Medical Center at Grapevine;
Baylor Medical Center at Waxahachie; Dallas County Hospital District; Doctors Hospital of
Dallas; Fort Worth Osteopathic Hospital Incorporated, d/b/a Fort Worth Osteopathic Medical
Center; Granville C. Morton Hospital; Harris Methodist Hospital--Fort Worth; Harris
Methodist Hospital--HEB; Irving Healthcare System; Mother Francis Hospital of Tyler, Texas;
RHD Memorial Medical Center; Richardson Hospital Authority d/b/a Richardson Medical
Center; Sierra Medical Center; Southside Hospital; St. Luke's Episcopal Hospital; St. Luke's
Lutheran Hospital; St. Paul Medical Center; Texoma Medical Center, Inc., d/b/a Texoma
Medical Center; The Good Shepherd Hospital, Inc., d/b/a Good Shepherd Medical Center;
Trinity Medical Center; and Valley Baptist Medical Center.
2. The Industrial Accident Board became the Texas Workers' Compensation Commission
on April 1, 1990. Texas Workers Compensation Act, Act of December 13, 1989, 71st Leg.,
2d C.S., ch. 1, art. 17, § 17.01, 1989 Tex. Gen. Laws 1, 115 ("the Act"). For purposes of
discussion, we will refer to this body as "the Commission."
3. Intervenors include American Insurance Associations, Alliance of American Insurers,
The National Association of Independent Insurers, and The Texas Workers' Compensation
Assigned Risk Pool.
4. Section 17.18(d) of the Act provides that the workers' compensation law in effect before
January 1, 1991, continues to govern injuries that occurred before this date. Section 17.12(b)
of the Act directed the Commission to delegate administration of injuries governed by this "old
law" to its executive director. The executive director suggested the emergency extension of
Rule 42.110 and the Commission adopted this suggested amendment. 15 Tex. Reg. 7073
(1990). 
5. Section 17.18(c) of the Act provides that services for post-1990 injuries are governed by
the "new law" created by chapters 1-11 of the Act itself (codified as Tex. Rev. Civ. Stat. Ann.
art. 8308 (West Supp. 1993)). The Commission is affirmatively directed by this "new law" to
enact fee guidelines for services for post-1990 injuries. See Tex. Rev. Civ. Stat. Ann. art.
8308-8.21 (West Supp. 1993).
6. The parties do not dispute that a copy of appellants' sixth amended petition filed below
in the original cause No. 3-91-565-CV is erroneously included in the transcript of the severed
cause No. 3-91-566-CV. We grant appellants' motion to strike pages 70-95 from the
transcript in cause No. 3-91-566-CV and consider the appeal from a judgment rendered on
appellants' fifth amended petition found at page 47 of the transcript.
7. In keeping with the record, we cite to the Administrative Procedure and Texas Register
Act. However, this act recently was codified as the Administrative Procedure Act, Tex. Gov't
Code Ann. §§ 2001.001-.902 (West 1994).
8. This rule was expressly repealed on October 21, 1991. See 28 Tex. Admin. Code
(1993).
9. The services were provided on or before December 31, 1990; thus, the injuries must
have occurred on or before this same date.
10. Appellants cite International Union United Automobile Aerospace & Agricultural
Implement Workers v. Johnson Controls, Inc., 813 S.W.2d 558 (Tex. App.--Dallas 1991, writ
denied), as holding a health provider need not seek adjudication before the Commission before
suing in district court. The court of appeals simply held that the Commission had not been
given any adjudicatory responsibilities over employers. Id. at 566.


 Appellants in essence argue they are not "interested parties" under section 5 of article
8307. First, we have noted that the Commission's guidelines specifically allow health
facilities to seek Commission review of disputed charges involving medical services. Second,
we conclude that appellants meet any reasonable definition of "interested parties" under the
facts of this case. See Pacific Indem. Ins. Co. v. Liberty Mut. Ins. Co., 834 S.W.2d 91, 93
(Tex. App.--Austin 1992, no writ). 
11. Appellants also suggest that a party must plead exhaustion of administrative remedies as
an affirmative defense. However, because appellants have never presented their dispute to the
Commission, this doctrine is inapplicable. Exhaustion of administrative remedies determines
at which stage a party may secure review of administrative action. See D & S Invs., Inc. v.
Mouer, 521 S.W.2d 118, 120 (Tex. Civ. App.--Austin 1975, writ ref'd n.r.e.).