Kenneth Bone and A.J. Morris, M.D., P.A. v. CorVel Corp.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-303-CV

KENNETH BONE AND A.J. APPELLANTS

MORRIS, M.D., P.A.

V.

CORVEL CORPORATION APPELLEE

------------

FROM THE 342
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This appeal arises from the trial court’s determination that it lacked subject matter jurisdiction over the claims asserted by Appellants Kenneth Bone and A.J. Morris, M.D., P.A. and its consequent grant of summary judgment for Appellee CorVel Corporation.  In two issues, Appellants complain that the trial court erred by concluding that their claims were barred for failure to exhaust administrative remedies and by granting Appellee’s motion for summary judgment on that basis.  
We hold that Appellants were required to exhaust their administrative remedies as provided by the Texas Workers’ Compensation Act (“the Act”) and that their failure to do so within the time prescribed by the Act precludes them from seeking judicial review of their claims.  Accordingly, we affirm the trial court’s judgment dismissing Appellants’ claims for want of jurisdiction.

II.  Background Facts

On January 20, 1997, Kenneth Bone was injured on the job.  He sought treatment for his injury from Dr. Morris.  Bone’s employer, Professional Service Company, carried workers’ compensation insurance through Utica National Insurance Company (“Utica”).

Due to pain he was experiencing in late 1998, Bone participated in a pain management program recommended by Dr. Morris.  As directed by Utica, Dr. Morris’s office contacted CorVel, the company providing review services and preauthorization recommendations to Utica, to obtain preauthorization for Bone’s participation in the pain management program.
  After reviewing the information supplied by Dr. Morris’s office, CorVel notified Appellants that CorVel’s preauthorization staff would forward a recommendation to Utica that the pain management sessions be approved.  Each such notification from CorVel
(footnote: 2) issued a preauthorization number for the requested services and stated: “This medical service has been preauthorized for medical necessity based upon the medical information provided.  Payment of benefits is subject to eligibility under workers’ compensation laws and administration of those laws.” 

Dr. Morris administered pain management treatments to Bone from December 16, 1998 through April 12, 1999.  Following completion of this course of treatment, Dr. Morris’s office forwarded the necessary claim forms to Utica for processing.  The total claim submitted for the pain management services was $26,477.  Utica denied Dr. Morris’s claim, indicating that the pain management treatments amounted to medical services for non-compensable—that is, non-work-related—injuries.  Neither Bone nor Dr. Morris requested a review of the pain management treatments or appealed Utica’s denial of payment.

On November 1, 2000, Bone and Dr. Morris sued Utica and its agent CorVel, alleging fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices—Consumer Protection Act.
(footnote: 3)  Bone and Dr. Morris sought $26,477 in actual damages, as well as statutory and exemplary damages. 
 
The trial court granted Utica’s motion for summary judgment and severed Appellants’ causes of action against Utica from the remainder of the lawsuit.
(footnote: 4) 
 CorVel then filed both traditional and no-evidence motions for summary judgment, alleging in part that the trial court lacked jurisdiction over the suit because Bone and Dr. Morris had failed to exhaust their administrative remedies under the Act.  The trial court granted CorVel’s motion on that ground. 

III.  Standard of Review

The trial court specifically granted CorVel’s motion for summary judgment on the jurisdictional issue only, that is, on the ground that the trial court lacked subject matter jurisdiction due to Appellants’ failure to exhaust their administrative remedies under the Act.  
When reviewing a summary judgment granted on specific grounds, we affirm the summary judgment if the ground on which the trial court granted relief is meritorious.  
Cincinnati Life Ins. Co. v. Cates
,
 927 S.W.2d 623, 625-26 (Tex. 1996).
  For this court to affirm the trial court’s grant of summary judgment, CorVel must have established the trial court’s lack of subject matter jurisdiction as a matter of law.  
Elliott-Williams Co., Inc. v. Diaz
, 9 S.W.3d 801, 803 (Tex. 1999).
  
In making this determination, we must view the evidence and its reasonable inferences in the light most favorable to
 Appellants.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

IV.  Law and Application to Facts

Appellants’ essential complaint is that the trial court erred in granting summary judgment for CorVel because Appellants were not required to exhaust any administrative remedies before asserting their causes of action in the trial court.  CorVel, on the other hand, insists that regardless of the language in which these claims are cast, Appellants’ claims arise from the loss of compensation benefits incurred when Utica refused to pay for Dr. Morris’s pain management services.  Therefore, CorVel contends Appellants’ claims are governed by the Act. 
 Thus, CorVel argues that Appellants’ admitted failure to pursue and exhaust the administrative remedies mandated by the Act constitutes a fatal impediment to the trial court’s jurisdiction.

The Act vests the power to award compensation benefits solely in the Workers’ Compensation Commission, subject to judicial review.  
Am. Motorists Ins. Co. v. Fodge
, 63 S.W.3d 801, 803 (Tex. 2001)
; 
Saenz v. Fidelity & Guar. Ins. Underwriters
, 925 S.W.2d 607, 612 (Tex. 1996).  Included in the Commission’s jurisdiction are disputes over income benefits, preauthorization of medical care, and reimbursement of medical expenses.  
Fodge
, 63 S.W.3d at 803.
  Specific avenues of relief exist for parties who consider themselves aggrieved under the Act.  For the injured employee, pursuit of the administrative remedies prescribed by the Act and recovery of workers’ compensation benefits thereunder is the exclusive remedy.  
Tex. Lab. Code Ann. 
§ 408.001(a) (Vernon 1996).

Health care providers may also find relief within the provisions of the Act, and must present workers’ compensation claims to the Commission before trial court jurisdiction may attach.  
See Methodist Hosps. of Dallas v. Tex. Workers’ Comp. Comm’n
, 874 S.W.2d 144, 149 (Tex. App.—Austin 1994, no pet.) (op. on reh’g) (affirming trial court’s dismissal of health care providers’ workers’ compensation claims because health care providers failed to first present these claims to the Commission for review).  Section 413.031 of the Act provides in part that:

(a) A party, including a health care provider, is entitled to a review of a medical service provided or for which authorization of payment is sought if a health care provider is:

(1) denied payment or paid a reduced amount for the medical service rendered; [or]

(2) denied authorization for the payment for the service requested or performed if authorization is required by the medical policies of the commission[.]

Act of May 12, 1993, 73d
 Leg., R.S., ch. 269, § 1, sec. 413.031, 1993 Tex. Gen. Laws 987, 1225
 (
amended 2001) (current version at
 Tex. Lab. Code Ann. 
§ 413.031(a) (Vernon Supp. 2003)).

Commission Rule 133.305 details the requirements of a proper request for medical dispute resolution under the Act.  28 
Tex. Admin. Code
 § 133.305 (1998) (
Tex. Workers’ Comp. Comm’n,
 Request for Medical Dispute Resolution) (amended 2000) (current version at 28 
Tex. Admin. Code
 § 133.307 (2002)). Under the rule, a party desiring review of a medical dispute must submit a request for review “to the commission at the division of medical review in Austin, 
no later than one calendar year after the date(s) of service in dispute
.” 
Id.
 § 133.305(a) (emphasis added).  In the event that the medical dispute remains unresolved following the requested review, the health care provider or other party is then entitled to a hearing conducted by the State Office of Administrative Hearings.  
Id.
 § 133.305(m); Act of May 3, 1995, 74th
 Leg., R.S., ch. 980, 1995 Tex. Gen. Laws 4912, 4923 (amended 2001) (current version at 
Tex. Lab. Code Ann. 
§ 413.031(k) (Vernon Supp. 2003)).

Having reviewed the Act and authorities presented by Appellants and CorVel, we hold that Appellants’ claims fall within the purview of the Act and that Appellants were entitled to seek medical dispute resolution as outlined in section 413.031 of the Act.  
Central to Appellants’ claims against CorVel are disputes over the preauthorization of and denial of payment for $26,477 in medical services—matters within the exclusive jurisdiction of the Commission. 
See Fodge
, 63 S.W.3d at 804.
  Appellants concede that they did not appeal Utica’s denial of payment for the pain management services or otherwise present their claims to the Commission for review in the manner prescribed by the Act. Because Appellants failed to comply with the statutory scheme available to them and exhaust their administrative remedies, Appellants are not entitled to judicial review of their claims.

If a claim is not within a court’s jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed.  
Id
. at 805.  CorVel asserts that the time for presentation of Appellants’ grievances to the Commission has passed, and that this impediment to jurisdiction cannot be removed.  Under the express provisions of the Act and corresponding Commission Rules, the time within which Appellants could have sought relief under the Act expired on April 12, 2000, one year after the last date of medical service for which payment is disputed.  Because Appellants concede that no relief was sought until the filing of this lawsuit on November 1, 2000, the trial court could not have abated their claims for presentation to the Commission. For these reasons, we hold that the trial court lacked subject matter jurisdiction over Appellants’ claims and properly granted CorVel’s motion for summary judgment on that basis.  Appellants’ issues are overruled.

V.  Conclusion

Having overruled both of Appellants’ issues, we affirm the trial court’s judgment of dismissal.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: June 19, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The record indicates that from December 14, 1998 through March 19, 1999, CorVel sent four such letters preauthorizing the requested pain management sessions.

3:
The clerk’s record index states that the original petition was filed on November 1, 2002, which appears to be a typographical error, as CorVel’s original answer was filed December 26, 2000, and the notice of appeal to this court was filed August 27, 2002.

4:
Bone and Dr. Morris have appealed the grant of Utica’s motion for summary judgment to this court in a separate action, number 2-02-00209-CV.