COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-303-CV
 
KENNETH BONE AND A.J.    
                                                        APPELLANTS
MORRIS, M.D., P.A.
V.
CORVEL CORPORATION                                                                 
APPELLEE
------------
FROM THE 342ND
DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
I. Introduction
       
This appeal arises from the trial court's determination that it lacked subject
matter jurisdiction over the claims asserted by Appellants Kenneth Bone and A.J.
Morris, M.D., P.A. and its consequent grant of summary judgment for Appellee
CorVel Corporation. In two issues, Appellants complain that the trial court
erred by concluding that their claims were barred for failure to exhaust
administrative remedies and by granting Appellee's motion for summary judgment
on that basis. We hold that Appellants were required to exhaust their
administrative remedies as provided by the Texas Workers' Compensation Act
("the Act") and that their failure to do so within the time prescribed
by the Act precludes them from seeking judicial review of their claims.
Accordingly, we affirm the trial court's judgment dismissing Appellants' claims
for want of jurisdiction.
II. Background
Facts
       
On January 20, 1997, Kenneth Bone was injured on the job. He sought treatment
for his injury from Dr. Morris. Bone's employer, Professional Service Company,
carried workers' compensation insurance through Utica National Insurance Company
("Utica").
       
Due to pain he was experiencing in late 1998, Bone participated in a pain
management program recommended by Dr. Morris. As directed by Utica, Dr. Morris's
office contacted CorVel, the company providing review services and
preauthorization recommendations to Utica, to obtain preauthorization for Bone's
participation in the pain management program. After reviewing the information
supplied by Dr. Morris's office, CorVel notified Appellants that CorVel's
preauthorization staff would forward a recommendation to Utica that the pain
management sessions be approved. Each such notification from CorVel(2)
issued a preauthorization number for the requested services and stated:
"This medical service has been preauthorized for medical necessity based
upon the medical information provided. Payment of benefits is subject to
eligibility under workers' compensation laws and administration of those
laws."
       
Dr. Morris administered pain management treatments to Bone from December 16,
1998 through April 12, 1999. Following completion of this course of treatment,
Dr. Morris's office forwarded the necessary claim forms to Utica for processing.
The total claim submitted for the pain management services was $26,477. Utica
denied Dr. Morris's claim, indicating that the pain management treatments
amounted to medical services for non-compensable--that is,
non-work-related--injuries. Neither Bone nor Dr. Morris requested a review of
the pain management treatments or appealed Utica's denial of payment.
       
On November 1, 2000, Bone and Dr. Morris sued Utica and its agent CorVel,
alleging fraud, negligent misrepresentation, and violations of the Texas
Deceptive Trade Practices--Consumer Protection Act.(3)
Bone and Dr. Morris sought $26,477 in actual damages, as well as statutory and
exemplary damages. The trial court granted Utica's motion for summary judgment
and severed Appellants' causes of action against Utica from the remainder of the
lawsuit.(4) CorVel then filed both traditional
and no-evidence motions for summary judgment, alleging in part that the trial
court lacked jurisdiction over the suit because Bone and Dr. Morris had failed
to exhaust their administrative remedies under the Act. The trial court granted
CorVel's motion on that ground.
III. Standard of
Review
       
The trial court specifically granted CorVel's motion for summary judgment on the
jurisdictional issue only, that is, on the ground that the trial court lacked
subject matter jurisdiction due to Appellants' failure to exhaust their
administrative remedies under the Act. When reviewing a summary judgment granted
on specific grounds, we affirm the summary judgment if the ground on which the
trial court granted relief is meritorious. Cincinnati Life Ins. Co. v. Cates,
927 S.W.2d 623, 625-26 (Tex. 1996). For this court to affirm the trial court's
grant of summary judgment, CorVel must have established the trial court's lack
of subject matter jurisdiction as a matter of law. Elliott-Williams Co.,
Inc. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999). In making this determination,
we must view the evidence and its reasonable inferences in the light most
favorable to Appellants. Great Am. Reserve Ins. Co. v. San Antonio Plumbing
Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).
IV. Law and
Application to Facts
       
Appellants' essential complaint is that the trial court erred in granting
summary judgment for CorVel because Appellants were not required to exhaust any
administrative remedies before asserting their causes of action in the trial
court. CorVel, on the other hand, insists that regardless of the language in
which these claims are cast, Appellants' claims arise from the loss of
compensation benefits incurred when Utica refused to pay for Dr. Morris's pain
management services. Therefore, CorVel contends Appellants' claims are governed
by the Act. Thus, CorVel argues that Appellants' admitted failure to pursue and
exhaust the administrative remedies mandated by the Act constitutes a fatal
impediment to the trial court's jurisdiction.
       
The Act vests the power to award compensation benefits solely in the Workers'
Compensation Commission, subject to judicial review. Am. Motorists Ins. Co.
v. Fodge, 63 S.W.3d 801, 803 (Tex. 2001); Saenz v. Fidelity & Guar.
Ins. Underwriters, 925 S.W.2d 607, 612 (Tex. 1996). Included in the
Commission's jurisdiction are disputes over income benefits, preauthorization of
medical care, and reimbursement of medical expenses. Fodge, 63 S.W.3d
at 803. Specific avenues of relief exist for parties who consider themselves
aggrieved under the Act. For the injured employee, pursuit of the administrative
remedies prescribed by the Act and recovery of workers' compensation benefits
thereunder is the exclusive remedy. Tex. Lab. Code Ann. § 408.001(a) (Vernon
1996).
       
Health care providers may also find relief within the provisions of the Act, and
must present workers' compensation claims to the Commission before trial court
jurisdiction may attach. See Methodist Hosps. of Dallas v. Tex. Workers'
Comp. Comm'n, 874 S.W.2d 144, 149 (Tex. App.--Austin 1994, no pet.) (op. on
reh'g) (affirming trial court's dismissal of health care providers' workers'
compensation claims because health care providers failed to first present these
claims to the Commission for review). Section 413.031 of the Act provides in
part that:

        
 (a) A party, including a health care provider, is entitled to a review of a
 medical service provided or for which authorization of payment is sought if a
 health care provider is:
 
        
 (1) denied payment or paid a reduced amount for the medical service
 rendered; [or]
        
 (2) denied authorization for the payment for the service requested or
 performed if authorization is required by the medical policies of the
 commission[.]
 

Act of
May 12, 1993, 73d Leg., R.S., ch. 269, § 1, sec. 413.031, 1993 Tex. Gen. Laws
987, 1225 (amended 2001) (current version at Tex. Lab. Code Ann. § 413.031(a)
(Vernon Supp. 2003)).
       
Commission Rule 133.305 details the requirements of a proper request for medical
dispute resolution under the Act. 28 Tex. Admin. Code § 133.305 (1998) (Tex.
Workers' Comp. Comm'n, Request for Medical Dispute Resolution) (amended 2000)
(current version at 28 Tex. Admin. Code § 133.307 (2002)). Under the rule, a
party desiring review of a medical dispute must submit a request for review
"to the commission at the division of medical review in Austin, no
later than one calendar year after the date(s) of service in dispute."
Id. § 133.305(a) (emphasis added). In the event that the medical
dispute remains unresolved following the requested review, the health care
provider or other party is then entitled to a hearing conducted by the State
Office of Administrative Hearings. Id. § 133.305(m); Act of May 3,
1995, 74th Leg., R.S., ch. 980, 1995 Tex. Gen. Laws 4912, 4923 (amended 2001)
(current version at Tex. Lab. Code Ann. § 413.031(k) (Vernon Supp. 2003)).
       
Having reviewed the Act and authorities presented by Appellants and CorVel, we
hold that Appellants' claims fall within the purview of the Act and that
Appellants were entitled to seek medical dispute resolution as outlined in
section 413.031 of the Act. Central to Appellants' claims against CorVel are
disputes over the preauthorization of and denial of payment for $26,477 in
medical services--matters within the exclusive jurisdiction of the Commission. See
Fodge, 63 S.W.3d at 804. Appellants concede that they did not appeal
Utica's denial of payment for the pain management services or otherwise present
their claims to the Commission for review in the manner prescribed by the Act.
Because Appellants failed to comply with the statutory scheme available to them
and exhaust their administrative remedies, Appellants are not entitled to
judicial review of their claims.
       
If a claim is not within a court's jurisdiction, and the impediment to
jurisdiction cannot be removed, then it must be dismissed. Id. at 805.
CorVel asserts that the time for presentation of Appellants' grievances to the
Commission has passed, and that this impediment to jurisdiction cannot be
removed. Under the express provisions of the Act and corresponding Commission
Rules, the time within which Appellants could have sought relief under the Act
expired on April 12, 2000, one year after the last date of medical service for
which payment is disputed. Because Appellants concede that no relief was sought
until the filing of this lawsuit on November 1, 2000, the trial court could not
have abated their claims for presentation to the Commission. For these reasons,
we hold that the trial court lacked subject matter jurisdiction over Appellants'
claims and properly granted CorVel's motion for summary judgment on that basis.
Appellants' issues are overruled.
V.
Conclusion
       
Having overruled both of Appellants' issues, we affirm the trial court's
judgment of dismissal.
 
   
                                                        SUE
WALKER
   
                                                        JUSTICE
 
PANEL B: HOLMAN, GARDNER, and
WALKER, JJ.
 
DELIVERED: June 19, 2003

1. See Tex. R. App. P. 47.4.
2. The record indicates that from December 14, 1998
through March 19, 1999, CorVel sent four such letters preauthorizing the
requested pain management sessions.
3. The clerk's record index states that the original
petition was filed on November 1, 2002, which appears to be a typographical
error, as CorVel's original answer was filed December 26, 2000, and the notice
of appeal to this court was filed August 27, 2002.
4. Bone and Dr. Morris have appealed the grant of Utica's
motion for summary judgment to this court in a separate action, number
2-02-00209-CV.